UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN FAYAD,

        Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, et al.,

        Defendants.

_____/

Case No. 2:25-cv-10930

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING DEFENDANTS FAIRLEY AND GLENN'S MOTION TO FILE SUPPLEMENTAL AUTHORITY (ECF No. 37)**

On February 25, 2026, Defendants and employees of the Michigan Department of the Attorney General, Karen Fairley and Keisha Glenn, moved to file supplemental authority, ECF No. 37, in support of their motion to dismiss, ECF No. 25. The supplemental authority they seek to file is a February 20, 2026 opinion issued by the Honorable Gershwin A. Drain in the case of *Michael Angelo v. Karen Fairley, et al.*, Case No. 2:25-cv-11840 (E.D. Mich). The plaintiff in that case—Michael Angelo—was Plaintiff Hassan Fayad's co-defendant in a 2022 criminal case. ECF No. 37 at PageID.548. Judge Drain's opinion granted Fairley and Glenn's motion to dismiss, finding that they were entitled to various forms of immunity. *Id.* The claims and defenses in Angelo's case are the same as those presented in Fayad's

case. *Id.* Glenn and Fairley state that they sought concurrence from Fayad to file this supplemental authority and that Fayad would "not concur but does not object" to their motion. *Id.* at PageID.549.

"Courts have inherent power to manage their dockets." *Equips. De Transformation IMAC v. Anheuser-Busch Cos.*, 559 F. Supp. 2d 809, 815 (E.D. Mich. 2008) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). Accordingly, courts have discretion whether to grant requests to file supplemental authority. *See Dino Drop, Inc. v. Cincinnati Ins. Co.*, 544 F. Supp. 3d 789, 804 (E.D. Mich. 2021) ("Whether to permit parties to file notices of supplemental authority is a matter left to the Court's discretion."). For such requests, a court considers whether the supplemental authority is relevant without advancing new legal arguments, whether the court has entered an order on the motion that the movant seeks to supplement, and generally whether granting the request would be prejudicial. *See id.*; *see also U.S. v. Blue Cross Blue Shield of Mich.*, 809 F. Supp. 2d 665, 679 (E.D. Mich. 2011).

Here, the supplemental authority is relevant because it addresses the same legal issues, arguments, and defenses that are presented in this case. *See Dino Drop*, 544 F. Supp. 3d at 804 (granting the motion for leave to file supplemental authorities because the "motion simply offers additional authority relevant to the Court's decision and does not advance any legal argument"). Moreover, Fairley and Glenn

are defendants in both cases. *See generally id.* Also, this Court has not yet entered an order on Glenn and Fairley's motion to dismiss that they seek to supplement. *See Blue Cross Blue Shield of Mich.*, 809 F. Supp. 2d at 679 ("The Court grants Blue Cross' Motion for Leave to File Supplemental Authority since, at the time Blue Cross filed the motion…the Court has yet to enter its Order on the motion."). For these reasons—and the fact that Fayad had an opportunity to object but expressed that he did not—this Court finds that granting Glenn and Fairly's motion would not be prejudicial. *See id.* (finding that the parties "are not prejudiced given that they had the opportunity to respond to the motion").

Accordingly, it is **ORDERED** that Defendants Fairley and Glenn's Motion to File Supplemental Authority, ECF No. 37, is **GRANTED.**

**IT IS SO ORDERED.**

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: February 27, 2026

- 3 -