UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HASSAN FAYAD,

          Plaintiff,                    Case No. 2:25-cv-10930

v.                                    Honorable Susan K. DeClercq
                                        United States District Judge
LIBERTY MUTUAL INSURANCE
COMPANY, et al.,

          Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 17; 20; 23; 25) AND DISMISSING THE CASE

Upset for being charged in state court for conspiracy to commit false pretenses and insurance fraud, Plaintiff Hassan Fayad now sues the two prosecuting attorneys in that case and the four insurance companies who initially complained about Fayad's allegedly illicit activity. Asserting violations under 42 U.S.C § 1983 and state law, Fayad claims false arrest, malicious prosecution, due process violations, civil conspiracy, and gross negligence. But the prosecuting attorneys are immune from Fayad's claims, Fayad did not adequately plead civil conspiracy, and the insurance companies are not state actors who can be held liable under § 1983. Because this leaves only state law claims, this Court declines to exercise jurisdiction over them and will grant Defendants' motions to dismiss.

## I. BACKGROUND

In April 2025, Fayad sued Liberty Mutual Insurance Company ("Liberty Mutual"), Progressive Michigan Insurance Company ("Progressive"), Allstate Insurance Company ("Allstate"), and Esurance Insurance Company ("Esurance") (collectively "Insurer Defendants"). ECF No. 1. He also named Michigan Department of Attorney General (MDAG) Special Investigator Karen Fairley and Michigan Assistant Attorney General (AG) Keisha Glenn as Defendants. *Id.* at PageID.6. To understand the nature of Fayad's suit, his involvement in state and federal criminal cases provides necessary context.

### A. State Criminal Case

Since 2017, Plaintiff Hassan Fayad has owned and operated several "businesses that provide transportation services, diagnostics, testing, [and] therapy….[that] regularly submitted claims for payment" to insurance companies, including Insurer Defendants. ECF No. 1 at PageID.6. But by January 2020, Insurer Defendants began to suspect that the businesses were committing fraud, so they filed a complaint[1] with the MDAG. ECF No. 1-1. In the complaint, Insurer Defendants identified Fayad, a man named Michael Angelo, and four other individuals as alleged

---

[1] The Parties dispute whether Insurer Defendants' complaint initiated the prosecution, but at this stage, the Court accepts as true the factual allegations in Fayad's complaint and will thus take as true Fayad's allegation that Insurer Defendants' actions played a direct role in initiating prosecution against him in state court. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

perpetrators of "providing legal and healthcare services to auto accident claimants and [billing] their [Michigan] auto insurance policy for profit" without actually providing medically necessary services, or any services at all.[2] *Id.* at PageID.29.

A criminal investigation, led by Fairley and Glenn, ensued. *See* ECF Nos. 1-2 at PageID.40; 1-3. In April 2023—although Fayad and Angelo were not yet charged with criminal conduct—Macomb County Circuit Judge James M. Biernat, Jr. granted the MDAG's *ex parte* motion to freeze Fayad and Angelo's assets and place a *lis pendens* on his property "in accordance with Conducting a Criminal Enterprise at [Mich. Comp. Laws] 750.159f, *et seq*." ECF No. 1-2 at PageID.40–41, 45. The following day, a warrant was issued to arrest Fayad. ECF No. 1-3. Fayad was charged as a third-time habitual offender on three counts of conspiracy to commit false pretenses, one count of conducting a criminal enterprise, and three counts of insurance fraud under Michigan law. ECF No. 1-9.

---

[2] Also in November 2020, Allstate and Esurance—and their subsidiary fire, property, and casualty insurance companies—brought a racketeering (RICO) suit against Fayad and his health-related businesses, among other defendants. *Allstate Insurance Company et al. v. 411 Help, LLC et al.*, Case No. 2:20-cv-12939 (E.D. Mich. Nov. 02, 2020), ECF No. 1. Allstate alleged that the defendants engaged "in a scheme to defraud Allstate by submitting and causing to be submitted false and fraudulent medical records, bills, and invoices…for treatment and services that were not actually rendered [nor] medically necessary." *Id.* at PageID.2. Similarly in August 2021, Liberty Mutual and three other insurance companies filed a RICO suit against Fayad, his businesses, and other defendants. *Liberty Mutual Insurance Corp. et al. v. 4 Transport Inc et al.*, Case No. 2:21-cv-11879 (E.D. Mich. Aug. 13, 2021), ECF No. 1. Both of these cases were ultimately voluntarily dismissed.

In May 2023, Fayad and Angelo moved to set aside the order freezing their accounts, which the court granted principally because the court found that it lacked jurisdiction to enter the order before Fayad and Angelo had been charged. ECF No. 1-5 at PageID.63. And in October 2024, after a preliminary examination, Macomb County Circuit Judge James Maceroni granted Fayad's motion to quash the charges against him, finding that the prosecution failed to provide sufficient evidence of probable cause specifically about Fayad. ECF No. 1-10. As a result, the state matter against Fayad was closed. *See id.* at PageID.99.

### B. Federal Criminal Case and Co-Defendant's Civil Suit

Meanwhile, in April 2022, a federal grand jury indicted Fayad for aggravated identity theft and indicted Fayad, Angelo, and others for wire fraud, conspiracy to defraud the United States, and tax evasion. *See United States v. Angelo, et al.*, Case No. 4:22-cr-20188 (E.D. Mich. Apr. 6, 2022), ECF No. 1 (hereafter "*U.S. v. Angelo, et al.*"). After a superseding indictment, *U.S. v. Angelo, et al.*, ECF No. 201, and a judgment of partial acquittal, *U.S. v. Angelo, et al.*, ECF No. 234, a jury tried and found Fayad guilty of one count of aggravated identity theft in January 2024. *U.S. v. Angelo, et al.*, ECF No. 240. But in December 2024, by stipulation of the parties, the Court vacated the jury's verdict and dismissed that count, along with "all other outstanding counts in the underlying matter" against Fayad. *U.S. v. Angelo, et al.*, ECF No. 298 at PageID.4063.

In June 2025, Fayad's former co-defendant, Angelo, filed a civil complaint in this District—which was assigned to Judge Gershwin A. Drain—against Glenn, Fairley, and Aaron Korsen—a former employee of Angelo who was also employed as an informant for the State and the Federal Bureau of Investigation. *Angelo v. Fairley et al.*, Case No. 2:25-cv-11840 (E.D. Mich. June 19, 2025) (hereafter "*Angelo*"), ECF No. 1 at PageID.3. In his complaint, Angelo alleged that Glenn and Fairley misled "the Court in obtaining a warrant for Angelo's arrest and prosecution" with false statements and falsified other documents and statements to wrongfully obtain an order freezing his assets. *Id.* at PageID.9–10. Angelo alleged six claims against Fairley and Glenn: (1) false arrest and (2) malicious prosecution in violation of the Fourth Amendment under 42 U.S.C. § 1983; (3) violation of due process under § 1983; (4) civil conspiracy under § 1983; (5) malicious prosecution in violation of state law; and (6) gross negligence. *Id.* at PageID.27–40.

In August 2025, Fairley and Glenn moved to dismiss, arguing that they were entitled to immunity from Angelo's suit and that he failed to sufficiently plead conspiracy and the state law claims. *Angelo*, ECF No. 16. Judge Drain agreed and granted their motion in February 2026. *Angelo*, ECF No. 29.

### C. Fayad's Civil Suit

In a nearly identical—but less detailed—fashion, Fayad filed this suit against Fairley and Glenn, as well as Insurer Defendants, claiming that they conspired

together to wrongfully charge him, obtain a warrant to arrest him, and freeze and encumber his assets. ECF No. 1 at PageID.8–10, 14–24. Fayad asserts the exact same claims as Angelo did in his civil suit: (1) false arrest and (2) malicious prosecution in violation of the Fourth Amendment under § 1983; (3) violation of due process under § 1983; (4) civil conspiracy under § 1983; (5) malicious prosecution in violation of state law; and (6) gross negligence.[3] *Id.* at 14–24.

Defendants Allstate and Esurance moved to dismiss the complaint. ECF No. 17. Defendant Liberty Mutual joined in Allstate and Esurance's motion. ECF No. 20. Defendant Progressive also moved to dismiss, ECF No. 23, followed by Defendants Fairley and Glenn, ECF No. 25. The motions are fully briefed. *See* ECF Nos. 24; 26; 29; 31; 32–34; 36. This Court finds that a hearing will not aid in the disposition of these motions and will decide the outcome on the briefs. E.D. Mich. L.R. 7.1(f)(2).

## II. LEGAL STANDARD

Under Civil Rule 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell v. Dollar Tree, Inc.*, No. 24-13259, 2025 WL 3252656, at *4 n. 4 (E.D. Mich. Nov. 21, 2025) ("[F]ailure to exhaust [administrative remedies

---

[3] Glenn is named only in Counts I and IV. ECF No. 1 at PageID.13, 18. Fairly is the only Defendant named in Count VI. *Id*. at PageID.23.

under Title VII's exhaustion requirement] is a basis to dismiss under Rule 12(b)(6) for failure to state a claim.").

When considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do."). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also 16630 Southfield Ltd. v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). Otherwise, the Court must grant the motion to dismiss. *See Twombly*, 550 U.S. at 570**.**

### III. DISCUSSION

Because Fayad's allegations against Insurer Defendants are identical and because Insurer Defendants operate as the same type of entity, their arguments are unsurprisingly similar. Accordingly, this Court will analyze their motions collectively, with distinctions among them made where relevant.

**A. Insurer Defendants' Motions to Dismiss**

For the first four counts, Insurer Defendants argue that Fayad fails to state actionable claims against them because he did not sufficiently plead that they were acting under state law for § 1983 to apply. ECF Nos. 17 at PageID.154–58, 162–70; 20 at PageID.184; 23 at PageID.216–26. They add that Fayad did not plead that Insurer Defendants committed malicious prosecution (Count V) with particularity. ECF Nos. 17 at PageID.165–70; 20 at PageID.184; 23 at PageID.219–26.

Fayad argues that he can bring § 1983 claims against Insurer Defendants because he sufficiently alleged that they conspired with state actors to violate his constitutional rights by not providing due process before encumbering his assets (Count III), by falsely arresting him (Count I), and by prosecuting him maliciously (Count II). ECF Nos. 24 at PageID.241–42; 26 at PageID.437; 29 at PageID.457–63. He further retorts that he sufficiently pleaded the elements of conspiracy and malicious prosecution. ECF Nos. 24 at PageID.242–54; 29 at PageID.463–68. Insurer Defendants reply that Fayad effectively conceded that his sole basis for bringing claims under § 1983 relies on allegations of a conspiracy, which, Insurer Defendants argue, he did not sufficiently plead. ECF Nos. 23 at PageID.510–14; 33 at PageID.524–30; 34 at PageID.533–34. Each set of arguments will be addressed in turn.

### 1. Civil Conspiracy (Count IV)

The lynchpin of Fayad's case against Insurer Defendants is his civil conspiracy claim. Without it, he cannot bring his other § 1983 claims, nor would this Court retain supplemental jurisdiction over his state law claims. Because Fayad's complaint does not contain sufficient factual allegations of a conspiracy, this Court finds that his claim—and, as a result, all other federal claims against Insurer Defendants—will be dismissed under Civil Rule 12(b)(6).

"A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). To properly bring a claim of civil conspiracy, the plaintiff must allege the following elements: (1) there was a single plan; (2) "the conspirators shared in the general conspiratorial objective" to deprive the plaintiff of their rights; and (3) there was an overt act "committed in furtherance of the conspiracy that caused injury to the [plaintiff]." *Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905–06 (6th Cir. 2004) (quoting *Hooks*, 771 F.2d at 943–44 and noting that "[t]he standard for proving a civil conspiracy was set forth in *Hooks*").

In Count Four of Fayad's complaint, he alleges the following civil conspiracy:

76.     The Insurer Defendants conspired and came to an agreement with Defendants Glenn and Fairley to deprive Mr. Fayad of his constitutional rights secured under the Fourth, Fifth, and Fourteenth Amendments.

77.     Because the Insurer Defendants conspired with state actors, Defendants Glenn and Fairley, to violate Mr. Fayad's constitutional rights, the Insurer Defendants acted under color of state law.

78.     The Insurer Defendants, Defendant Glenn, and Defendant Fairley had a single plan to directly cause and institute the prosecution of Mr. Fayad for insurance fraud related to the Six Insureds without probable cause.

79.     The Insurer Defendants, Defendant Glenn, and Defendant Fairley shared a conspiratorial objective to deprive Mr. Fayad of his constitutional rights under the Fourth and Fourteenth Amendment.

80.     The Insurer Defendants each committed overt acts in furtherance of the conspiracy, including but not limited to the submission of their complaint(s), and provision of false and/or misleading information to the Michigan Department of Attorney General[.]

* * *

83.     As a direct and proximate result of Defendants' conspiratorial conduct, Mr. Fayad suffered harm, including to but not limited to severe and serious emotional distress, embarrassment, humiliation, and loss of travel privileges. Mr. Fayad also suffered pecuniary damages as a result of the prosecution against him. Additionally, Mr. Fayad personally covered the cost of his legal defense.

ECF No. 1 at PageID.19–20.

In the general factual allegations section, Fayad describes Insurer Defendants filing a complaint against him with the MDAG, alleging that he was involved in an insurance fraud scheme, and listing six individuals who had sought or received treatment from Fayad (or his co-defendants). *Id.* at PageID.7. Fayad notes in defense of the Macomb Circuit Court's finding a lack of probable cause that "indeed [he] was not even in the medical provider industry during the majority of the time" that the six individuals sought treatment. *Id.* at PageID.12. Fayad also states that "[o]n

- 10 -

April 26, 2023, in conspiracy with the Insurer Defendants and Fairley, Glenn charged Fayad" with criminal charges in state court. *Id.* at PageID.8.

This is the full extent of his allegations pertaining to civil conspiracy, and under the requirements for a well-pleaded complaint, Fayad has not sufficiently pleaded a civil conspiracy claim. *See Twombly*, 550 U.S. at 555.

For the first element—that there was a single plan—Fayad merely states that Defendants came to an agreement and "had a single plan to" prosecute him. ECF No. 1 at PageID.19. This is conclusory and does not allege any specific facts about the purported plan. *See Twombly*, 550 U.S. at 555 (requiring that the plaintiff provide "more than labels and conclusions"). *Cf. Memphis*, 361 F.3d at 900–01, 905 (finding that the first element was satisfied because the plaintiffs alleged specific facts that the city conspired with a private security company in a plan to allow the company to hire off-duty police and then to engage in a pattern of police misconduct to arrest and disrupt union workers who were on strike against that very company).

For the second element, Fayad again merely concludes that Defendants conspired for the purpose of depriving him of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments. *See Twombly*, 550 U.S. at 555. Although Fayad need not provide "detailed factual allegations" at the pleading stage, he must provide some "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here,

this Court cannot draw a reasonable inference that Insurer Defendants conspired for the purpose of depriving him of his constitutional rights. *See generally id.* Indeed, Fayad has not provided any factual allegations explaining why Insurer Defendants had this objective or any specific acts taken toward this objective beyond submission of a complaint to a state agency. *See generally id.*[4]

Finally, for the third element, Fayad provides a few factual allegations beside his cursory legal conclusions, but they are still insufficient for this Court to reasonably infer that Insurer Defendants conspired. *See id.* Indeed, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Fayad asserts that in addition to submitting a complaint with the MDAG,

---

[4] Fayad loosely suggests in his introduction that Insurer Defendants filed a false criminal complaint to target medical providers' businesses and, perhaps, avoid paying claims. ECF No. 1 at PageID.4. But in their briefs about the pleadings, the Parties do not refer to this commentary, focusing instead on the quoted language above as the basis for his claim. And even the complaint had provided more detail to support this general suggestion, filing a complaint with law enforcement does not automatically confer liability on the filer where the prosecutor ultimately, and in an exercise of discretion, decides to initiate prosecution. *See Matthews v. Blue Cross and Blue Shield*, 572 N.W.2d 603 (Mich. 1998) (holding that the plaintiff dentist who was acquitted for health care fraud could not hold an insurance company liable for a prosecutor initiating a criminal case against him); *see also Moldowan v. City of Warren*, 578 F.3d 351, 399–400 (6th Cir. 2009) *(*citing *Matthews* for the same propositions and holding that alerting police about a potential crime does not confer liability on a private actor under § 1983).

Insurer Defendants performed the overt act of providing "false and/or misleading information" throughout the investigation and prosecution. ECF No. 1 at PageID.19. But Fayad does not allege what the false or misleading information from Insurer Defendants was. *See generally Gutierrez*, 826 F.2d at 1538. And just because the state charges against Fayad were dismissed for lack of probable cause does not *de facto* mean that the complaint was false or misleading.[5] *See Downing v. Life Time Fitness*, 483 F. App'x 12, 20 (6th Cir. 2012) (holding that "[r]eporting a crime to the police does not expose a private party to liability under § 1983").

At bottom, Fayad's complaint plainly reads as "a formulaic recitation of the elements of" civil conspiracy, which "will not do" for a complaint to survive a motion to dismiss under Civil Rule 12(b)(6). *See Twombly*, 550 U.S. at 555. Therefore, Fayad's civil conspiracy claim against Defendants will be dismissed. *See id.*

---

[5] Although Fayad mentions briefly in his complaint that the six individuals in the complaint could not have received treatment from Fayad because he was not providing services "for the majority of [that] time," Fayad also acknowledges that the complaint only linked one of them to Fayad. *See* ECF No. 1 at PageID.8. More importantly, Fayad did not allege that naming these individuals as Fayad's former clients constituted a false statement. *See id.* at PageID.7, 12. Thus, this brief statement does not rescue the third element, and even if it did, Fayad must sufficiently plead all three elements to survive a motion to dismiss under Civil Rule 12(b)(6). *See Hooks*, 771 F.2d at 943–44.

### *2. 42 U.S.C. § 1983 Claims (Counts I–III)*

Because Insurer Defendants are not state actors and Fayad has not sufficiently pleaded a civil conspiracy claim, his claims brought under § 1983 against Insurer Defendants will also be dismissed.

To bring a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To act "under color of" state law, a defendant must be "clothed with the authority of state law." *Atkins*, 487 U.S. at 49. Generally, a private entity is not a state actor for purposes of § 1983. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct" except under limited circumstances).

But the Supreme Court later expounded that "to act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *see also Smith v. Detroit Fed'n of Tchrs. Loc. 231, Am. Fed'n of Tchrs., AFL-CIO*, 829 F.2d 1370, 1377 (6th Cir. 1987) ("A private party can still become a state actor if it acts in concert with state officials or if the state has lent 'significant encouragement' to its actions, or if it is exercising

- 14 -

powers traditionally the exclusive prerogative of the state" (citations omitted)). As an example of joint action, "[t]he Supreme Court has held that private parties who conspire with public actors to violate constitutional rights act under color of law for purposes of § 1983." *Rudd v. City of Norton Shores, Mich.*, 977 F.3d 503, 512 (6th Cir. 2020) (citation modified) (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)); *see also Cooper v. Parrish*, 203 F.3d 937, 952 n. 2 (6th Cir. 2000).

Here, it is undisputed that Insurer Defendants are private insurance companies, not state actors. And, as discussed above, Fayad did not adequately allege that Insurer Defendants conspired with state actors Fairley and Glenn. Indeed, only "claims of conspiracies between private and state actors *if adequately alleged*, [can] generally suffice to establish state action on the part of the private actors for the purpose of deciding a motion to dismiss." *Revis v. Meldrum*, 489 F.3d 273, 292 (6th Cir. 2007) (emphasis added). Therefore, Fayad may not bring his other § 1983 claims under the conspiracy exception for private entities, and consequently, all of the claims against Insurer Defendants will be dismissed. [6] *See id.*

---

[6] Fayad expressly limits his argument to the conspiracy exception, insisting that the other limited circumstances in which private entities can be held liable under § 1983 are "not relevant." *See* ECF Nos. 24 at PageID.242; 29 at PageID.460–61. But were this Court to consider those other circumstances, Fayad's complaint—construing the factual allegations in his favor—lacks sufficient pleadings to satisfy the requirements of those limited circumstances. Specifically, where "there are no allegations of cooperation or concerted action between state and private actors," a private entity may be liable for § 1983 claims under three other exceptions,

### 3. Malicious Prosecution Under State Law (Count V)

Fayad also alleges that Insurer Defendants violated Michigan law's prohibition on malicious prosecution "by providing false/and or misleading" information and evidence in a case that lacked probable cause and was dismissed in Fayad's favor. ECF No. 1 at PageID.21. Insurer Defendants argue that Fayad did not sufficiently plead a malicious prosecution claim against them because he did not adequately allege or meet his burden of proving that Insurer Defendants—rather than Fairley and Glenn—initiated the state criminal prosecution, nor that Insurer Defendants made false statements. ECF Nos. 17 at PageID.168–70; 20 at PageID.184; 23 at PageID.265–26. Progressive adds that because it is entitled to dismissal of the federal claims against it, this Court can decline to exercise supplemental jurisdiction over this state claim. ECF No. 23 at PageID.226.

recognized as "three tests for determining whether its conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test." *Memphis*, 361 F.3d at 905; *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Garcia v. Dykstra*, 260 F. App'x 887, 893 (6th Cir. 2008) (holding that a private entity's "conduct is actionable under § 1983 if it is: (1) the exercise of a public function; (2) the result of state compulsion; or (3) the result of a symbiotic relationship between the government and a private party.").

Fayad has not alleged nor shown that the Insurer Defendants exercised a public function or acted against Fayad at the coercive behest of the State. *See Garcia*, 260 F. App'x at 893. Nor has he alleged that the Insurer Defendants had a sufficiently close relationship that the filing of their complaint and general actions relating to Fayad could be attributed to the state. *See id.* Indeed, Fayad is clear that Fairley and Glenn led the criminal investigation and prosecution. *See* ECF No. 1. Therefore, there is no basis for Fayad to bring any of his claims under § 1983 against the Insurer Defendants, and these counts against them will be dismissed.

Having determined that the federal claims against Insurer Defendants will be dismissed, this Court will not retain supplemental jurisdiction over the remaining state law claim against Insurer Defendants.

Under 28 U.S.C. § 1367, a federal district court has supplemental jurisdiction over other state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). But the district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013) (affirming the district court's dismissal of the plaintiff's remaining state-law claims where there were no federal claims remaining). Because this Court has found that Fayad's federal claims will be dismissed against Insurer Defendants, this Court declines to exercise jurisdiction over the outstanding malicious prosecution claim under state law. *See Brown*, 517 F. App'x at 436; *see also Williams v. Addison Cmty. Schs.*, 2026 WL 575854 at *3 (6th Cir. Mar. 2, 2026) (observing that a district court's discretion to retain supplemental jurisdiction "is not limitless" and should only be exercised where clearly called for under § 1367(c)).

### B. Fairley and Glenn's Motion to Dismiss

As previously noted, Angelo—Fayad's co-defendant from the federal criminal case—filed a nearly identical civil suit against Fairley and Glenn, raising the same six counts. *See Angelo*, No. 2:25-cv-11840 (E.D. Mich. Feb. 20, 2026), ECF No. 29 at PageID.1066. The only notable distinction in the two cases—aside from the obvious fact that Angelo did not also sue the Insurer Defendants—is that Angelo provided *more* detail in his factual allegations against Fairley and Glenn than Fayad does here. Given that Judge Drain dismissed all claims against Fairley and Glenn from Angelo's more detailed complaint,[7] this Court will dismiss Fayad's less-detailed claims against Fairley and Glenn for the same, fundamental legal reasons. Indeed, because this Court finds Judge Drain's opinion directly on-point, it will adopt in full its legal analysis, reasoning, and conclusions as to Fairley and Glenn, thus granting their motion to dismiss in this matter.

### 1. Counts I–VI Against Fairley

Fayad asserts all six claims against Fairley, arguing that in addition to the § 1983 and state law malicious prosecution violations she allegedly committed,

---

[7] Although this Court may decline to exercise supplemental jurisdiction over the remaining state law claims upon finding that Fayad's federal claims will be dismissed, this Court is persuaded by Judge Drain's analyses of the state claims on the merits and notes that Fayad pursuing the claims in state court would be futile because of Fairley and Glenn's entitlement to immunity and Fayad's inability to bring negligence on intentional tort allegations. *See* 28 U.S.C. § 1367(c).

Fairley committed gross negligence "by subjecting Mr. Fayad to criminal process, including an arrest warrant, without probable cause." ECF No. 1 at PageID.24. Fairley responds that she is entitled to qualified immunity as a government official because Fayad failed to identify conduct of hers that violated a clearly established right. ECF No. 25 at PageID.401. She also argues generally that Fayad failed to adequately plead the state law claims. *Id.* at PageID.409–10. For the reasons provided in Judge Drain's opinion, this Court will dismiss all claims against Fairley. *See Angelo*, ECF No. 29 at PageID.1077–95.

Specifically, Judge Drain found that Fairley was entitled to qualified immunity for false arrest and malicious prosecution because she was a government investigator who relied on a judicially secured warrant with a detailed affidavit that was not "so lacking in indicia of probable cause," which functions as a complete defense to such claims. *Id.* at PageID.1078–83 (noting that for qualified immunity, "the question is not whether Fairley *in fact* lacked probable cause for Angelo [and Fayad's] arrest, but whether it was unreasonable for Fairley to believe that she did have probable cause for Angelo [and Fayad's] arrest") (collecting cases); *see also id.* at 1089–91 (finding also that the state malicious prosecution claim would be dismissed because her independent decision-making is a complete defense and Glenn's conduct "broke the causal chain as to any of Fairley's actions"); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (articulating the qualified immunity doctrine);

- 19 -

*Novak v. City of Parma*, 33 F.4th 296, 305–06 (6th Cir. 2022) (holding that reliance on a judicially-secured arrest warrant or a judge's finding of probable cause is a complete defense to false arrest); *Matthews v. Blue Cross and Blue Shield*, 572 N.W.2d 603, 613 (Mich. 1998) (holding that a prosecutor's exercise of independent, good-faith discretion about pursuing prosecution is a complete defense to a malicious prosecution claim); *Simmons v. Telecom Credit Union*, 44 N.W.2d 739, 741 (Mich. Ct. App. 1989) (holding that a prosecutor is immune from a malicious prosecution claim where she fully and fairly disclosed material facts and simply advanced prosecution on such information).

Judge Drain also found that Fairley was entitled to qualified immunity from the substantive due process claims because her actions were independent and discretionary, rather than arbitrary or shocking to the conscience. *Angelo*, ECF No. 29 at PageID.1084–86 (noting that filing a motion one day before filing charges was not egregious nor was it a substantive due process question) (collecting cases); *see also Kue v. North*, 704 F. Supp. 3d 785, 797 (W.D. Mich. 2023) (finding that a delay in a forfeiture action did not violate substantive due process); *Langston v. Charter Twp. Of Redford*, 623 F. App'x 749, 758–59 (6th Cir. 2015) (distinguishing substantive due process claims from procedural due process claims).

Because these constitutional-rights-violation claims were not established and because the "allegations are threadbare and do not plead with specificity any facts

- 20 -

to support the [conspiracy] claim," Judge Drain further found the civil conspiracy claim would also be dismissed for failure to state a claim. *Angelo*, ECF No. 29 at PageID.1087–89 (collecting cases); *see also Rapp v. Dutcher*, 557 F. App'x 444, 450 (6th Cir. 2014) (requiring a plaintiff to establish "a separate and actionable constitutional injury" to bring a conspiracy claim under § 1983); *Wallin v. Norman*, No. 90-73881, 2002 WL 1009717, at *2 n. 2 (E.D. Mich. Apr. 30, 2002) (stating that a plaintiff must establish deprivation of a specifically-protected constitutional right to sustain a § 1983 conspiracy claim).

Finally, Judge Drain found that the gross negligence claim was not adequately pleaded because the factual allegations for the claim were duplicative of an intentional tort and could not be a separate, independent basis for negligence. *Angelo*, ECF No. 29 at PageID.1091–95 (collecting cases); *see also VanVorous v. Burmeister*, 687 N.W.2d 132, 143 (Mich. Ct. App. 2004) (holding that gross negligence is not an intentional tort wherein duplicative claims premised on intentional torts cannot form the basis for a gross negligence claim).

For these reasons, this Court, too, will dismiss all claims against Fairley. *See Angelo*, ECF No. 29 PageID.1077–95 (collecting cases).

### *2. Counts I and II Against Glenn*

As noted, Fayad only brings claims of false arrest and civil conspiracy under § 1983 against Glenn. ECF No. 1 at PageID.13, 18. Glenn argues that these claims

are barred by absolute prosecutorial immunity because prosecuting Fayad, obtaining a warrant for his arrest, and seeking to freeze and encumber his assets are prosecutorial duties protected under absolute immunity. ECF No. 25 at PageID.398–99. For the reasons provided in Judge Drain's opinion, this Court finds that Glenn is entitled to absolute prosecutorial immunity and will dismiss the claims against her. *See Angelo*, ECF No. 29 at PageID.1070–76.

Specifically, Judge Drain found that Glenn was entitled to absolute prosecutorial immunity on these counts because there was no conduct identified as outside of Glenn's role as an advocate—including her conduct that was allegedly purely investigative. *Id.* (collecting cases); *see also id.* at PageID.1082 (noting that a plaintiff cannot sustain a false arrest claim where a case that was ultimately dismissed for lack of probable cause began with an apparently valid, lawfully obtained, and properly executed warrant); *Blakely v. United States*, 276 F.3d 853, 871 (6th Cir. 2002) (holding that seeking a freeze order is a prosecutorial action covered by absolute immunity). For these reasons, this Court, too, will dismiss all claims against Glenn. *See Angelo*, ECF No. 29 PageID.1077–95 (collecting cases).

In sum, Fayad's claims against all Defendants will be dismissed under Civil Rule 12(b)(6).[8]

---

[8] With regard to Fayad's footnote requesting permission to amend his complaint to cure any pleading deficiencies that this Court may identify, ECF Nos. 24 at

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendants Allstate Insurance Company and Esurance Insurance Company's Motion to Dismiss, ECF No. 17, is **GRANTED**;

2. Defendant Liberty Mutual Insurance Company's Motion to Dismiss, ECF No. 20, is **GRANTED**;

3. Defendant Progressive Michigan Insurance Company's Motion to Dismiss, ECF No. 23, is **GRANTED**;

4. Defendants Keisha Glenn and Karen Fairley's Motion to Dismiss, ECF No. 25, is **GRANTED**;

5. All claims in Plaintiff's Complaint, ECF No. 1, are **DISMISSED WITH PREJUDICE** except Plaintiff's state law claims against Defendants Allstate Insurance Company, Esurance Insurance, Liberty Mutual Insurance Company, and Progressive Michigan Insurance Company, which are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 24, 2026

---

PageID.254 n. 10; 31 at PageID.504 n. 9; 29 at PageID.468 n. 8, this Court will not do so because such a request is effectively a motion for leave to amend, which cannot be imbedded in a response brief. *See* E.D. Mich. LR 7.1(i); 5.1(e). And the authority he cites, *Newberry v. Silverman*, is unavailing because that case dealt with dismissing fraud claims pursuant to Civil Rule 9(b)'s heightened pleading standard, which does not apply here. 789 F.3D 636, 646 (6th Cir. 2015).